(81 South. 429)

No. 23286.

BALLARD, Tax Collector, v. WROUGHT IRON RANGE CO.

(March 31, 1919.)

*(Syllabus by Editorial Staff.)*

COMMERCE ☞41(1)—"INTERSTATE COMMERCE" —STATE LICENSE TAX.

A Missouri corporation domiciled in that state obtaining orders for ranges through salaried drummers in Louisiana, who carried a sample range with them, and shipping the ranges in carload lots to a salaried agent in Louisiana who delivered them in the unbroken packages to the purchasers, was engaged in "interstate commerce," and could not be subjected to a state license tax.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; W. S. Rownd, Judge.

Suit by Jno. A. Ballard, Tax Collector, against the Wrought Iron Range Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Clay Elliott, of Amite, for appellant.

Bolivar E. Kemp, of Amite, for appellee.

PROVOSTY, J. The defendant company, a Missouri corporation domiciled in Missouri, obtains orders for ranges through salaried drummers who travel in this state (taking a sample range along with them), and ships the ranges in carload lots to a salaried agent in this state who causes them to be delivered in the unbroken package to the purchasers. Defendant is sued for a license. Plaintiff admits that in Crenshaw v. Arkansas, 227 U. S. 389, 33 Sup. Ct. 294, 57 L. Ed. 565, "the same defendant was before the courts for doing this business which it apparently defended on the same ground and was discharged." The fact of the matter is that changing the name of Arkansas to Louisiana, and changing the names of the agents, the statement of facts contained in that case could be made to serve word for word for this case. Plaintiff's learned counsel invites this court to review that decision. But many others along the same line would also have to be reviewed and overruled, notably Pegues v. Ray, 50 La. Ann. 574, 23 South. 904, which in its legal features is undistinguishable from the present case. The business is "interstate commerce" and cannot be taxed by the state.

Judgment affirmed.